■ In the Matter of MICHAEL SCAROLA, Appellant, v BRIAN MALONE, as Inspector General of the State of New York, et al.,

Respondents. [640 NYS2d 635] —Crew III, J. Appeal from a judgment of the Supreme Court (Harris, J.), entered January 5, 1995 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, challenge the determination of respondent Estelle Peterman refusing to correct or expunge certain information in petitioner's prison records.

Petitioner, an inmate at Auburn Correctional Facility in Cayuga County, wrote to respondent Estelle Peterman, the inmate records coordinator of the facility, disputing the accuracy of certain information contained in his "Program and Security Assessment Summary" form (hereinafter PSAS) and requested that Peterman correct the challenged information. Peterman replied that the challenged information could not be changed, and petitioner appealed to respondent Inspector General of the State requesting that Peterman be directed to correct said records. When petitioner received no response from the Inspector General, he commenced this CPLR article 78 proceeding to compel Peterman to expunge the contested information from his PSAS. Supreme Court dismissed the petition, and this appeal followed.

We affirm. It has long been the rule that an inmate has no right to contest the accuracy of information contained in a PSAS and, accordingly, Supreme Court properly dismissed the petition (*see, e.g., Matter of Fox v Malone*, 196 AD2d 913, 914, *lv denied* 82 NY2d 663).

While petitioner correctly urges that he has a constitutional right to have erroneous information expunged from his records, this right is clearly limited (*see, Paine v Baker*, 595 F2d 197, 201, *cert denied* 444 US 925). Among other things, in order to successfully assert a constitutional claim, the inmate must establish that the challenged information in his file is false (*see, Paine v Baker, supra*, at 201). This petitioner has not done. The source of the information contained in the PSAS is petitioner's presentence report and his admissions contained therein. Petitioner has not challenged the accuracy of the information contained in his presentence report but, rather, he claims that the information contained therein is not accurately reflected in his PSAS. While we agree that the information in the PSAS is not a verbatim recounting of the presentence report, our review of the two satisfies us that there is a rational basis in the presentence report for the information contained in the PSAS and that the latter, therefore, cannot be found to be false (*see, Matter of Udzinski v Coughlin*, 188 AD2d 716).

Cardona, P. J., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.