**Charles HILI, Plaintiff–Appellant,**

v.

**Joseph L. SCIARROTTA, Dir. Of Probation, Diane Eich, Probation Officer, et al., Defendants–Appellees.**

**Docket No. 97–2161.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 21, 1997.

Decided April 2, 1998.

Charles Hili, Comstock, NY, pro se.

Kwiatkowski & Ryan, Floral Park, NY (John E. Ryan, John M. Donnelly, Floral Park, NY, of counsel), for Defendants–Appellees.

Before: OAKES, KEARSE, and FRIEDMAN, Circuit Judges *.

* Honorable Daniel M. Friedman, of the United States Court of Appeals for the Federal Circuit, sitting by designation.

KEARSE, Circuit Judge:

Plaintiff *pro se* Charles Hili, a New York State ("State") prisoner, appeals from a final judgment of the United States District Court for the Eastern District of New York, Arthur D. Spatt, *Judge,* dismissing his complaint, brought under 42 U.S.C. § 1983 (1994), against defendants Joseph L. Sciarrotta and Diane Eich, employees of the Department of Probation of Nassau County, New York, for submitting an allegedly inaccurate presentence report to the Nassau County Court in connection with Hili's conviction in that court. The district court dismissed the action on the ground that State probation officers are entitled to absolute immunity in connection with preparing and furnishing presentence reports. On appeal, Hili contends principally that that immunity does not apply to his claim for injunctive relief. Regardless of the viability of that contention, we affirm on the ground that defendants were entitled to immunity against Hili's claim for damages and that the complaint failed to state a claim against defendants for injunctive relief.

## I. BACKGROUND

Hili was convicted in Nassau County Court in 1989 of weapons-related offenses. Following receipt of a presentence report ("PSR"), the court sentenced him to a prison term of up to 12 years. In January 1996, Hili brought the present action against probation officer Eich, who prepared the PSR, and Sciarrotta, the director of the probation department, alleging that defendants had violated Hili's due process and equal protection rights because Eich "did not properly investigate the allegations presented to her and relied knowingly on hersay [*sic* ] and false information in making her report to the court" (complaint at 3, ¶ 12), and because Sciarrotta refused to take corrective action.

According to Hili's complaint, the PSR contained "erroneous and false information" that was "having a detrimental effect on his being considered for parole release, not to mention his classification and status within the Dept [*sic* ] of Corrections." (*Id.* at 2, ¶ 6.) The complaint did not identify the allegedly false information; but documents Hili submitted in the district court indicate that he challenged certain statements made by his ex-wife, the intended victim of his offenses. The complaint alleged that Hili

has suffered in that false material was used in his presentence report to in hibit [*sic* ] parole and or awards of good time credits, that as a result of erroneous information in his records he has been kept on central monitoring status within the prison system thus preventing him from being considered for furlough, temporary release, and other privileges extended to prisoners not so classified.

(*Id.* ¶ 7.) The complaint also asserted that the allegedly erroneous PSR had caused Hili much anguish. Hili requested "[g]eneral damages in the amount of $100.000 [*sic* ]" (*id.* at 3, ¶ 1), along with

injunctive and immediate relief in the following form: Ordering the Nassau County Dept [*sic* ] of Probation, to act on plaintiff's motion to expunge false and erroneous information from his presentence report,

(*id.* at 4, ¶ 2), and he requested that the original PSR be replaced by a new and updated report (*id.* ¶ 3).

Defendants moved to dismiss the complaint on the grounds (1) that, in their capacity as probation officers responding to requests from the court, they had absolute immunity, and (2) that Hili's claims were barred by the statute of limitations. In a Memorandum Decision and Order dated February 22, 1997, the district court granted the motion to dismiss on the ground of absolute immunity. The court noted that federal probation officers, in connection with their preparation and filing of presentence reports for the federal district courts, are absolutely immune from suits for damages; that New York's presentence report procedure is similar to that used in the federal system; and that other federal courts have held that state probation officers enjoy such immunity. The court concluded that Hili's action should be dismissed on the ground of absolute immunity.

The district court stated that its conclusion that defendants were entitled to immunity made it unnecessary to reach their defense of

statute of limitations, though the court noted that Hili's memorandum in opposition to defendants' motion indicated that Hili had received a copy of the presentence report in connection with his sentencing in 1989. That fact was not alleged in the complaint, however, and the court concluded that the motion to dismiss the complaint for untimeliness should be denied because the date on which Hili's cause of action accrued was unclear from the face of the complaint.

Judgment was entered dismissing the complaint, and this appeal followed.

## II. DISCUSSION

### A. Absolute Immunity for State Probation Officers

Judges performing judicial functions within their jurisdictions are granted absolute immunity. See, e.g., Pierson v. Ray, 386 U.S. 547, 554–55, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967). In the federal courts, probation officers prepare and submit presentence reports to the courts for use in the sentencing of persons convicted of crime; in light of the desirability of having such reports provide the courts with all information that may be relevant to sentencing, and in light of the availability of procedural mechanisms for the defendant to challenge those aspects of the reports that he feels are inaccurate, federal probation officers are granted absolute immunity from suits for damages in connection with their preparation and submission of such reports to the courts. See, e.g., Dorman v. Higgins, 821 F.2d 133, 136–39 (2d Cir.1987); see also Tripati v. INS, 784 F.2d 345, 347–48 (10th Cir.1986) (per curiam), cert. denied, 484 U.S. 1028, 108 S.Ct. 755, 98 L.Ed.2d 767 (1988); Spaulding v. Nielsen, 599 F.2d 728, 729 (5th Cir.1979) (per curiam).

New York State's Criminal Procedure Law similarly provides that, after a defendant's guilt has been determined, the State court is to receive from the probation department a presentence report to inform the exercise of its sentencing discretion. See generally N.Y.Crim. Proc. L. § 390 et seq. (McKinney 1994); People v. Andujar, 110 A.D.2d 606,

607–08, 488 N.Y.S.2d 653, 654 (1st Dep't 1985) (mem.). A State probation officer's pre-sentence investigation consists of the gathering of information with respect to the circumstances attending the commission of the offense, the defendant's history of delinquency or criminality, and the defendant's social history, employment history, family situation, economic status, education, and personal habits. *Such investigation may also include any other matter which the agency conducting the investigation deems relevant to the question of sentence,* and must include any matter the court directs to be included. N.Y.Crim. Proc. L. § 390.30(1) (emphasis added). The PSR submitted to the court must contain an analysis of as much of the information gathered in the investigation as the agency that conducted the investigation deems relevant to the question of sentence. . . .

(b) The report shall also contain a victim impact statement, unless it appears that such information would be of no relevance to the recommendation or court disposition, which shall include an analysis of *the victim's version of the offense* . . . .

*Id.* § 390.30(3) (emphasis added).

In recognition of a defendant's due process right not to be punished on the basis of false information, see Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); see generally People v. Outley, 80 N.Y.2d 702, 712, 594 N.Y.S.2d 683, 687, 610 N.E.2d 356 (1993) ("the sentencing court must assure itself that the information upon which it bases the sentence is reliable and accurate"), New York law provides a number of safeguards. Prior to sentencing, the PSR must, with certain exceptions not relevant here, be disclosed to the defendant's attorney, or to the defendant himself if he has no attorney, for review and copying, *see* N.Y.Crim. Proc. L. § 390.50(2)(a). Thereafter, the court "may hold one or more presentence conferences in open court or in chambers in order to . . . resolve any discrepancies between the presentence report, or other information the court has received, and the defendant's or prosecutor's pre-sentence memorandum."

*Id.* § 400.10(1). At such a conference, the court may "afford any of the participants an opportunity to controvert or to comment upon any fact," and may conduct a hearing and take testimony under oath. *Id.* § 400.10(3).

The purpose of the pre-sentence conference procedure set forth in [§ 400.10] is to create a forum in which the court can resolve conflicts in information received and clarify doubtful points prior to imposing sentence. In other words it provides the court with a summary due process procedure for assuring that relevant issues have been fully explored before pronouncing sentence.

*Id.* § 400.10 Practice Commentaries.

If the pre-sentence report sets forth adverse information the defendant claims is untrue, the court will have to either disavow reliance upon that information or afford the defendant an opportunity to refute it.

*Id.* § 390.50 Practice Commentaries (citing *People v. Outley,* 80 N.Y.S.2d at 712, 594 N.Y.S.2d at 687, 610 N.E.2d 356); *see generally People v. Faulkner,* 182 A.D.2d 1025, 1026, 583 N.Y.S.2d 542, 543 (3d Dep't) (vacating sentence on ground that defendant who disputed a factual assertion relevant to sentencing should have been given an opportunity to refute that assertion at a presentence conference), *appeal dismissed,* 80 N.Y.2d 830, 587 N.Y.S.2d 915, 600 N.E.2d 642 (1992).

The court's rejection of a defendant's challenge to the accuracy of a presentence report is reviewable on appeal, *see* N.Y.Crim. Proc. L. §§ 450.10(2), 450.30(1), and by way of collateral attack, *see id.* § 440.20. The court's failure to follow the necessary procedures is similarly reviewable. *See, e.g., id.* § 440.20 Practice Commentaries.

■ After the court has resolved any sentencing controversies or disavowed reliance on information that the defendant disputes, the PSR is made available to the state agency in whose custody defendant is placed. *See id.* §§ 390.50(3), 390.60(1). The information in the PSR is used by "the correctional authorities for initial classification, programming and treatment of the defendant." *Id.*

§ 390.60 Practice Commentaries. In a suit against custodial officials, an inmate has a constitutional right to challenge the accuracy of the information contained in his PSR and in his prison records. *See, e.g., Scarola v. Malone,* 226 A.D.2d 844, 845, 640 N.Y.S.2d 635, 636 (3d Dep't 1996).

■ The PSR is also to be considered by the parole board in making parole release decisions, *see* N.Y. Exec. Law §§ 259–i(1)(a), 259–i(2)(c) (McKinney 1993), and a defendant has the right to obtain a copy of his PSR for use in preparation for his parole hearing or for an appeal from a parole decision. *See, e.g., People v. Wright,* 206 A.D.2d 337, 338, 614 N.Y.S.2d 732, 733 (1st Dep't) (mem.) (defendant "has a clear legal right to review the presentence reports for use before the Parole Board ... and ... a showing of relevance is not required"), *appeal denied,* 84 N.Y.2d 873, 618 N.Y.S.2d 19, 642 N.E.2d 338 (1994); *Legal Aid Bureau of Buffalo, Inc. v. Armer,* 74 A.D.2d 737, 737, 425 N.Y.S.2d 706, 707 (4th Dep't 1980) (mem.) ("Petitioner has a clear legal right to review the presentence reports for the purpose of preparing briefs and for use before the Parole Board ...."); *see also Allen v. People,* 663 N.Y.S.2d 455, 455 (3d Dep't 1997) (inmate challenging parole decision could properly be denied a copy of his PSR where there was "no indication in the record that the Board considered the presentence report in rendering its decision").

■ The requirements of New York law with respect to the preparation and submission of presentence reports, along with the procedural mechanisms protecting the defendant's right not to be punished on the basis of inaccurate information in such a report, persuade us that New York probation officers in preparing and furnishing such reports to the courts, like federal probation officers, are entitled to absolute immunity from suits for damages. *See also Freeze v. Griffith,* 849 F.2d 172, 175 (5th Cir.1988) (per curiam) (finding Louisiana probation officer absolutely immune from claim for damages); *Demoran v. Witt,* 781 F.2d 155, 157–58 (9th Cir. 1986) (same re California probation officer); *Hughes v. Chesser,* 731 F.2d 1489, 1490 (11th Cir.1984) (one-judge denial of motion for

leave to appeal *in forma pauperis* ) (same re Alabama probation officer).

Accordingly, we agree with so much of the district court's decision as dismissed Hili's damages claims against Sciarrotta and Eich on the ground of absolute immunity.

### B. *The Request for an Injunction for "Correction" of the PSR*

■ The ruling that State probation officers are entitled to absolute immunity in a suit for damages, however, did not resolve Hili's claim for injunctive relief. Prior to October 1996, it was established that a public official's right to immunity, whether absolute or qualified, pertained only to claims for monetary damages. *See, e.g., Pulliam v. Allen,* 466 U.S. 522, 536–37, 104 S.Ct. 1970, 1977–78, 80 L.Ed.2d 565 (1984) (holding that judicial immunity did not extend to claims for injunctive relief); *Wood v. Strickland,* 420 U.S. 308, 314 n. 6, 95 S.Ct. 992, 997 n. 6, 43 L.Ed.2d 214 (1975) ("immunity from damages does not ordinarily bar equitable relief"); *Dorman v. Higgins,* 821 F.2d at 139; *Heimbach v. Village of Lyons,* 597 F.2d 344, 347 (2d Cir.1979) (per curiam). Under these precedents, defendants would not have been entitled to immunity from Hili's claim for injunctive relief.

In October 1996, Congress amended § 1983 to bar injunctive relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C.A. § 1983 (West Supp.1997), *see* Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, § 309(c), 110 Stat. 3847, 3853. The term "judicial officer" is not defined in the amendment, although the legislative history of the amendment refers parenthetically to "judicial officers" as "(justices, judges and magistrates)." S.Rep. No. 104–366, at 37 (1996), *reprinted in* 1996 U.S.C.C.A.N. 4202, 4217. It is not clear from the language of the amendment or from our cursory review of the legislative history whether the new restriction on the granting of injunctive relief against "judicial officers" was meant to extend to other officials whose entitlement to absolute immunity from dam-

ages had been recognized in light of their roles in judicial proceedings.

We need not decide in the present case, however, whether the amendment would make probation officers immune from injunctive relief in connection with their presentence report duties, for we conclude that Hili's complaint, alleging that the PSR contains hearsay and statements that are inaccurate, was properly dismissed because it failed to state a claim on which injunctive relief can be granted against Sciarrotta and Eich.

■ It is well established that a defendant has a due process right not to be sentenced on the basis of information that is materially false, and that that right is protected by affording the defendant notice of and an opportunity to respond to information on which the court intends to rely in imposing sentence. *See, e.g., Townsend v. Burke,* 334 U.S. at 741, 68 S.Ct. at 1255; *United States v. Berndt,* 127 F.3d 251, 257 (2d Cir. 1997). It is also well established that, subject to that protection, the judge's discretion in sentencing is "largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). Thus, "[h]earsay information may unquestionably be used in the discretion of a sentencing judge and given such weight as appears in his discretion to be merited. Such information does not violate due process requirements." *United States v. Napolitano,* 761 F.2d 135, 139 (2d Cir.), *cert. denied,* 474 U.S. 842, 106 S.Ct. 129, 88 L.Ed.2d 106 (1985); *see Williams v. New York,* 337 U.S. 241, 250–51, 69 S.Ct. 1079, 1084–85, 93 L.Ed. 1337 (1949) (sentencing courts' "age-old practice of seeking information from out-of-court sources to guide their judgment toward a more enlightened and just sentence" does not violate due process); *see also United States v. Fatico,* 579 F.2d 707, 713 (2d Cir.1978).

■ As discussed in Part II.A. above, a presentence report is meant to provide the court with information as to, *inter alia,* the circumstances of the offense, including the victim's version of the offense, and any other matter that "the agency conducting the in-

vestigation deems relevant to the question of sentence," N.Y.Crim. Proc. L. §§ 390.30(1) and (3); *see also Dorman v. Higgins*, 821 F.2d at 137–38 ("the goal of a complete compendium of all significant objective information means that the probation officer should not filter out any statements that are relevant"). A presentence report thus normally contains information from a variety of sources; the inclusion of hearsay statements is virtually inevitable; and "[t]he requirement of accurate reporting ... may result in the inclusion in the report of statements that are themselves inaccurate. Though verification of the information collected is desirable, verification simply is not always possible." *Id.* at 138. Thus, the mere presence of hearsay or inaccurate information in a PSR does not constitute a denial of due process. The defendant is afforded due process protection against sentencing on the basis of misinformation through his opportunity to challenge before the court any statement in the report that he contends is inaccurate. Probation officers, who are required by law to include in the report all relevant data collected in their investigation, cannot be enjoined to omit any such information.

Hili's complaint alleged that the PSR in his case is being "used" to deny him parole and various privileges as a prisoner. Presumably such "use[ ]" is by the State's parole board and department of correction; there is no allegation of any use of the PSR by Sciarrotta or Eich. Accordingly, we conclude that the complaint failed to state a claim against Sciarrotta and Eich upon which injunctive relief can be granted.

If a defendant claims to be detrimentally affected by the use of an inaccurate PSR in decisionmaking as to parole or the conditions of his incarceration, he should challenge such use in the parole proceedings or seek injunctive relief against the relevant parole or correctional officials. In the present case, notwithstanding Hili's inclusion of the phrase "et al [*sic* ]" in the caption of his complaint, Sciarrotta and Eich are the only defendants. Accordingly, there is no defendant here against whom relief could be granted. We note also that were relief to be sought against appropriate defendants on the

claim that Hili is improperly being denied parole, that claim could be pursued only by means of a petition for habeas corpus, prior to which he would be required to exhaust his state remedies, rather than by means of a suit under § 1983, *see Preiser v. Rodriguez*, 411 U.S. 475, 499–500, 93 S.Ct. 1827, 1841–42, 36 L.Ed.2d 439 (1973).

## CONCLUSION

We have considered all of Hili's arguments on this appeal and, for the reasons discussed above, have found in them no basis for reversal. The judgment dismissing the complaint is affirmed.