Nehemiah ROLLE, Plaintiff–Appellant,

v.

Maureen CASSIDY, Defendant–
Appellee.

No. 01–270.

United States Court of Appeals,
Second Circuit.

May 28, 2003.

Appeal from the United States District Court for the Eastern District of New York (Hurley, J.).

Nehemiah Rolle, Roosevelt, NY, pro se.

Gerald R. Podlesak, Deputy County Attorney, for Lorna B. Goodman, County Attorney of Nassau County (David B. Goldin, Deputy County Attorney, on the brief), Mineola, NY, for Defendant–Appellee.

PRESENT: CALABRESI, F.I. PARKER, and SACK, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 28th day of May, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

In May 2001, Plaintiff–Appellant Nehemiah Rolle filed a pro se §§ 1983 and 1985 complaint against Maureen Cassidy, a probation officer from the Nassau County Probation Department. Rolle alleged that Cassidy's preparation of his Pre–Sentence Report ("PSR") violated his federal constitutional and state rights. The suit sought $16 million in compensatory and punitive damages. The district court dismissed the complaint, without prejudice to Rolle's filing an amended complaint within thirty days, on the ground that the complaint failed to state a claim upon which relief could be granted, and that it sought monetary relief against a defendant who is immune from such relief.

Rolle filed an amended complaint, which again sought monetary damages, but also sought unspecified declaratory, injunctive, and other equitable relief. The district court dismissed the amended complaint as well, concluding that it failed to cure the defects warranting dismissal of the original complaint. Specifically, the district court noted that this court has held that probation department employees are entitled to absolute immunity from suits for damages for their activities in connection with the preparation and submission of a

Pre–Sentence Report. *See Hili v. Sciarrotta,* 140 F.3d 210, 213 (2d Cir.1998). The district court also construed the amended complaint as seeking a) a declaration that Cassidy had violated Rolle's constitutional rights and b) an injunction preventing her from doing it again or in any way using the PSR. The court dismissed these claims because there was no showing of any likelihood of future harm that Rolle would suffer in the absence of such an injunction or declaration. The district court dismissed the federal claims with prejudice and the state claims without prejudice to Rolle's refiling them in state court.

The district court subsequently denied Rolle's request that it alter or amend both the order dismissing the amended complaint and the amended judgment. The court noted that the motion, made pursuant to Fed.R.Civ.P. 59(e), was untimely, because it was filed more than ten days after the judgment was entered. The court then construed the motion as one filed pursuant to Rule 60(b), *see Branum v. Clark,* 927 F.2d 698, 704 (2d Cir.1991) ("If a motion to modify or set aside the judgment ... is served more than 10 days after entry of the judgment, it is properly considered a motion under Fed.R.Civ.P. 60(b), not one under Rule 59(e)."), and denied it on the merits. The district court noted that the motion articulated the specific declaratory, injunctive, and equitable relief that Rolle sought, including a declaration that Cassidy had violated Rolle's constitutional rights, an injunction preventing Cassidy from using the PSR, an order that he receive a copy of the PSR, and a declaration and equitable relief stating that Rolle was innocent of the state criminal offense to which he had pleaded guilty. Notwithstanding these more specific claims for non-monetary relief, the court concluded that Rolle's motion and the materials filed in support of it failed to articulate any plausible likelihood that Rolle would suffer ongoing or threatened future harm in the absence of such relief.

Regardless of whether Rolle's motion is viewed as timely filed under Fed.R.Civ.P. 59(e),[1] or as a Rule 60(b) motion, the district court's discussion of the merits of Rolle's claims is determinative. Accordingly, we affirm the district court's judgment for substantially the reason it gave. We have considered all of Mr. Rolle's other claims and find them meritless.

The judgment of the district court is AFFIRMED.

---

1. To be timely as a Rule 59 motion, the motion would have had to have been filed by August 21, 2001. Although Rolle's motion was dated August 19, it was postmarked August 28, and stamped by the Clerk of Court as filed on August 28. It would be timely, then, only if the "mailbox rule" of Fed. R.App. P. 25(a)(2)(C) applied. The district court, noting that this court has not expressly applied the mailbox rule to Rule 59 motions, concluded that it was without power to do so. In *Noble v. Kelly,* we held that the rationale for the mailbox rule for notices of appeal applied with equal force to a prisoner's petition for a writ of habeas corpus, and therefore that the district court did not err in extending the rule to such petitions. 246 F.3d 93, 97 (2d Cir. 2001) (per curiam). In doing so, we cited favorably a Third Circuit decision applying the mailbox rule to motions under Rule 59. *Id.* (citing *Smith v. Evans,* 853 F.2d 155, 161 (3d Cir.1988)). Because the district court in the instant case construed the request as a Rule 60(b) motion and decided it on the merits, we need not consider whether the court erred in declining to extend the mailbox rule to Rolle's Rule 59 motion.