**Kendra MUSGRAVE, Plaintiff–Appellant,**

**v.**

**Inez HOYOS, Hon., Administrative Law Judge, Housing Part Q, Civil Court of the City and County of New York, Defendant–Appellee.**

**No. 03–9005(L), 03–9219(CON), 03–9201(CON).**

United States Court of Appeals, Second Circuit.

Dec. 21, 2004.

Kendra Musgrave, Thornton, CO, for Appellant, pro se.

Michelle Aronowitz, Deputy Solicitor General (Eliot Spitzer, Attorney General for the State of New York, Carol Fischer, Assistant Solicitor General, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, POOLER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Kendra Musgrave, *pro se*, appeals the September 25, 2003 judgment of the district court dismissing Musgrave's action against New York City Housing Court Judge Inez Hoyos for lack of subject matter jurisdiction. Musgrave's complaint, filed pursuant to 42 U.S.C. § 1983, alleges that Hoyos violated her civil rights by, *inter alia,* issuing a default money judgment and eviction order against Musgrave.

We review *de novo* a district court's determination that, as a matter of law, jurisdiction does not exist. *See Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 198 (2d Cir.1996). Having carefully reviewed the record and the parties' arguments in this case, we agree that the district court lacked subject matter jurisdiction over this complaint.

As an initial matter, any decision as to the merits of Musgrave's claims would necessarily require the district court to review the propriety of Judge Hoyos' orders, a task the lower federal courts are not empowered to do. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (holding that district courts "do not have jurisdiction ... over challenges to state court decisions ... even if those challenges allege that the state court's action was unconstitutional"); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923) (holding that district court may not sit in direct appellate review of a state court judgment because "[t]he jurisdiction possessed by the District Courts is strictly original").

In addition, as the district court observed, it is well-settled that judicial officers like Judge Hoyos are entitled to absolute immunity from civil suit for any acts taken in their official capacities. *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (holding that judges could not be held liable for damages under § 1983, even for allegedly unconstitutional acts). This immunity serves to preserve judicial independence by shielding judges from the inhibitory threat of economic sanction. *See id.; Hili v. Sciarrotta,* 140 F.3d 210, 213 (2nd Cir.1998). As a consequence, persons claiming to have been injured by judicial misconduct must seek alternative forms of relief such as state appellate or collateral review, judicial misconduct or disciplinary proceedings, or working to prevent the judge's re-election.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED and Musgrave's motion to strike appellee's brief is DENIED.