SUMMARY ORDER

Defendant-appellant Terry L. Campbell (“Campbell”) appeals from an April 1, 2008 judgment of the United States District Court for the Western District of New York (Larimer, J.) sentencing him, inter alia, to fifteen months’ imprisonment in connection with a Revocation of Supervised Release. We assume the parties’ familiarity with the underlying facts and procedural history of this case.
Campbell argues that it was plain error for the district court to allow his wife to testify at sentencing because she was not a “crime victim” as defined in 18 U.S.C. § 3771(e). Under § 3771, however, whether a witness qualifies as a “crime victim” bears only on the witness’s rights under the statute, not the “judge’s discre *491 tion” to consider relevant material at sentencing, which is “largely unlimited either as to the kind of information he [or she] may consider, or the source from which it may come.” Hili v. Sciarrotta, 140 F.3d 210, 215 (2d Cir.1998) (quoting United States v. Tucker, 404 U.S. 443, 446, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)). As such, the court had “wide latitude” to introduce “all matters bearing upon [Campbell’s] personal history and behavior,” and was not “confined to [Campbell’s] conduct in connection with” his offense. Billiteri v. United States Bd. of Parole, 541 F.2d 938, 944 (2d Cir.1976). As Campbell’s supervised release was revoked pursuant to state harassment charges arising out of domestic disputes with his wife, the district court was clearly not in error to allow his wife to testify to Campbell’s history of abusive acts.
Campbell alternatively contends that even if his wife’s testimony was appropriate, due process required the district court to have given him notice and an opportunity to respond “to information to be considered by the sentencing court.” United States v. Copeland, 902 F.2d 1046, 1050 (2d Cir.1990). At sentencing, Campbell objected to his wife’s testimony on notice grounds, but he later withdrew the objection, even after the government consented to adjourning the hearing if he desired. Campbell did not renew the objection or ask for a continuance during or after his wife’s testimony. In fact, at the hearing he spoke at length in rebuttal. Any notice error by the district court was thus waived by Campbell’s failure to renew his initial notice request despite numerous opportunities to do so. Cf. United States v. Eberhard, 525 F.3d 175, 178 (2d Cir.2008) (stating that, under § 3771, when a defendant fails to object to a victim statement or to “request[] additional time to prepare a more thorough response,” it is “not plain error for the district court to impose sentence immediately thereafter”).
For the foregoing reasons, the judgment of the district court is AFFIRMED.