Meehan v. Kenville

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand fourteen.

PRESENT:
>            Dennis Jacobs,
>            Guido Calabresi,
>            Rosemary S. Pooler,
>                  *Circuit Judges.*

_____

Dennis Meehan,

>            *Plaintiff-Appellant*,

>      v.                                                    13-1643

William M. Kenville, Former Director, Broome
County Dept. of Probation, *et al.*,

>            *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**        Dennis Meehan, *pro se*, Fallsburg, NY.

**FOR DEFENDANTS-APPELLEES:**        Robert George Behnke, III, Broome County
                                    Attorney's Office, Binghamton, NY.

Appeal from a judgment of the United States District Court for the Northern District of

New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Dennis Meehan, *pro se*, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint against numerous state and county agencies and officials. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's 28 U.S.C. § 1915(e)(2) dismissal. *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001), *called into doubt on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* We read *pro se* complaints liberally with "special solicitude" and interpret them to raise the "strongest [claims] that [they] suggest[]." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (first alteration in original) (internal quotation marks omitted).

The district court properly dismissed Meehan's actions for monetary damages and injunctive relief against Judge Martin E. Smith. *See Bliven v. Hunt*, 579 F.3d 204, 209-10 (2d Cir. 2009) (discussing judicial immunity and providing that immunity attaches to actions taken by judges "arising out of, or related to, individual cases before the judge"); *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (claim for injunctive relief is barred against judicial officers under § 1983 where plaintiff did not allege violation of a declaratory decree nor unavailability of

2

declaratory relief). The district court also properly dismissed Meehan's claims for monetary damages against defendants Dooley, Kenville, Humphrey, and Richards on the basis of absolute immunity. *Hili v. Sciarrotta*, 140 F.3d 210, 214 (2d Cir. 1998) (New York state probation officers have absolute immunity for preparing and furnishing pre-sentence reports); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) ("[A]bsolute immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate.").

The district court did not specify grounds for dismissing the claims against the New York Department of Corrections and Community Supervision, the Broome County Department of Probation, Wilmot, and Schneiderman; but we may "affirm a decision on any grounds supported in the record." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006). For the following reasons, the claims against these defendants were properly dismissed. The claims against the Department of Corrections and Community Supervision were barred by the Eleventh Amendment. *See Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (Eleventh Amendment barred plaintiff from seeking injunctive relief under § 1983 against a state agency). The claim against the Broome County Department of Probation was properly dismissed for failure to plausibly allege that any constitutional violation resulted from a custom, policy or practice of the municipality. *See Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 694 (1978); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). The claim against Wilmot is equivalent to a claim against the Broome County Department of Probation. *See Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012). Finally, although Schneiderman was named as a defendant in his official capacity, Meehan did not make any allegations against him.

3

To the extent that Meehan sought release from prison, a sentence reduction, or monetary damages for being unfairly convicted, we affirm for substantially the same reasons as provided in the district court's order. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

We have considered Meehans's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk