# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**825**
**CA 12-01230**
PRESENT: FAHEY, J.P., CARNI, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ANTHONY D. AMAKER,
PETITIONER-APPELLANT,

                    V                              MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

ANTHONY D. AMAKER, PETITIONER-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

     Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered March 27, 2012 in a proceeding pursuant to CPLR article 78. The judgment denied the petition.

     It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

     Memorandum: Petitioner appeals from a judgment dismissing his petition pursuant to CPLR article 78 seeking review of the determination denying his request to have documents relating to the 2006 arrest and prosecution of his mother removed from his inmate record. As a preliminary matter, we note that, contrary to respondent's contention, petitioner exhausted his administrative remedies with respect to the issues raised herein (*cf. Matter of Wisniewski v Michalski*, 114 AD3d 1188, 1189).

     Petitioner contends that the documents at issue were ordered sealed pursuant to CPL 160.50, and that Supreme Court therefore acted in an arbitrary and capricious manner in refusing to remove them from his inmate record. We reject that contention. The court properly concluded that the statutes relied upon by petitioner—CPL 160.50 and Executive Law § 296 (16)—do not require respondent to remove any information concerning the 2006 incident from petitioner's inmate record. Those statutes provide protection only to petitioner's mother, not to petitioner. Furthermore, with respect to CPL 160.50, the Unusual Incident (UI) report, which is one of the documents found in petitioner's inmate record relating to the 2006 incident, is not a document that arises from a "criminal action or proceeding" (*id.*). As properly noted by the court, the UI report is an internal document prepared and used by respondent for administrative purposes, and it is "independent of, and unrelated to, the 'arrest or prosecution' of the petitioner's mother" (*see generally Matter of Hearst*

*Corp. v City of Albany*, 88 AD3d 1130, 1131-1132).

We reject petitioner's further contention that the Due Process and Equal Protection Clauses of the State and Federal Constitutions mandate that the documents at issue be removed from his inmate record. "[I]n order to successfully assert a constitutional claim, the inmate must establish that the challenged information in his [record] is false" *(Matter of Scarola v Malone*, 226 AD2d 844), and petitioner has not done so here.

Entered:  August 8, 2014                                    Frances E. Cafarell
                                                            Clerk of the Court