24-1522-cv
*Dieujuste v. Sin*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> BETH ROBINSON,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

———————————————————————————

Junior-Tony Dieujuste,

> *Plaintiff-Appellant,*

v.                                                                24-1522-cv

Jessica Sin, Keisha Kearse, all successors and assigns,

> *Defendants-Appellees.*

———————————————————————————

FOR PLAINTIFF-APPELLANT:

Junior-Tony Dieujuste, pro se, Cambria Heights, NY.

FOR DEFENDANTS-APPELLEES:

Barbara D. Underwood, Solicitor General, Ester Murdukhayeva, Deputy Solicitor General, David Lawrence III, Assistant Solicitor General, *of Counsel*, *for* Letitia James, Attorney General, State of New York, New York, NY.

Appeal from an April 29, 2024 judgment of the United States District Court for the Eastern District of New York (Marutollo, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Junior-Tony Dieujuste sued Defendants-Appellees Judge Jessica Sin and Keisha Kearse for trademark infringement. Dieujuste alleged that Judge Sin, then a family court support magistrate, and Kearse, the clerk of court of the Queens County Family Court, knowingly used the trademark "Junior-Tony Dieujuste" in multiple court filings and orders without permission. The district court granted Defendants' motion to dismiss, reasoning that, among other things, Defendants were entitled to absolute judicial immunity from Dieujuste's suit, as his claims arose from their judicial acts. *See Dieujuste v. Sin*, 731

F. Supp. 3d 440, 447–49 (E.D.N.Y. 2024).  After the district court denied Dieujuste's

motion for reconsideration, he timely appealed.  We assume the parties' familiarity

with the remaining facts, the procedural history, and the issues on appeal.

We review a district court's grant of a motion to dismiss under Federal Rules

of Civil Procedure 12(b)(1) and 12(b)(6) de novo.  *Palmer v. Amazon.com, Inc.*, 51

F.4th 491, 503 (2d Cir. 2022).  In doing so, we accept the allegations in the complaint

as true and draw all reasonable inferences in Dieujuste's favor.  *Id.*

The district court correctly dismissed the claims for damages in Dieujuste's

complaint based on judicial immunity.  "Judges are granted absolute immunity

from liability for acts taken pursuant to their judicial power and authority."[1] *Oliva*

*v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988).  Absolute judicial immunity also extends to

those who, at the direction of a judicial officer, perform administrative functions

closely associated with the judicial process.  *See Rodriguez v. Weprin*, 116 F.3d 62,

66–67 (2d Cir. 1997).  Absolute judicial immunity does not deprive a court of

subject matter jurisdiction, but it does confer immunity from suit.  *Carroll v. Trump*,

88 F.4th 418, 425–26 & n.24 (2d Cir. 2023).  Dieujuste's claims arose from

Defendants' filing of court documents and orders with his name on them—acts

---

[1]  In quotations from caselaw and the parties' briefing, this summary order omits all internal
quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

that are integral to the judicial process and arose directly from a case before the court. Accordingly, Defendants are entitled to absolute judicial immunity.

Judicial immunity encompasses only Dieujuste's claims for damages. *See Hili v. Sciarrotta*, 140 F.3d 210, 215 (2d Cir. 1998). Regardless, Dieujuste's complaint does not state a viable claim for declaratory or injunctive relief.

In his complaint, Dieujuste bases his claims on federal statutes relating to infringement of trademarks and service marks registered with the United States Patent and Trademark Office (USPTO), copyright infringement, and copyright infringement by the United States government. Although Dieujuste alleges that he registered his claimed service mark with the State of New York, he does not allege that he registered the mark with the USPTO. Furthermore, even if he had, federal copyright law protects "original works of authorship fixed in any tangible medium of expression," not facts such as one's name. 17 U.S.C. § 102(a). *See also Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1004 (9th Cir. 2001) ("A person's name or likeness is not a work of authorship within the meaning of 17 U.S.C. § 102."). And Defendants here are neither the United States nor contractors or other persons acting for the United States. 28 U.S.C. § 1498(b).

To the extent that Dieujuste's complaint can be construed as alleging

trademark infringement under the Lanham Act, his claims fail because, among other things, he has not plausibly alleged that Defendants used his claimed mark "in commerce." *1-800 Contacts, Inc. v. JAND, Inc.*, 119 F.4th 234, 246 (2d Cir. 2024) (to state a claim for trademark infringement under the Lanham Act, a plaintiff must show, among other things, "that the defendant's use in commerce of the allegedly infringing mark would likely cause confusion as to the origin, sponsorship, or affiliation of the defendant's goods with plaintiff's goods").

And, although Dieujuste's complaint references "slander or libel," Compl., *Dieujuste v. Sin*, No. 1:23-cv-07805, Dkt. No. 1, at ¶ 24, he identifies no allegedly false and defamatory statements, *see Albert v. Loksen*, 239 F.3d 256, 265-66 (2d Cir. 2001) (listing elements of libel and slander under New York law). In short, we discern no plausible cause of action in Dieujuste's complaint.

We have considered Dieujuste's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.[2]

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We further direct the district court to evaluate Dieujuste's Complaint—and any other papers Dieujuste filed—for sensitive information. Social-security numbers, birthdates, and the names of minors may not be contained in public filings unless the court so orders. *See* Fed. R. Civ. P. 5.2(a).

5