**Wallie POE, Plaintiff,**

v.

**Beth MASSEY, Defendant.**

**No. 3:96CV680 (RNC).**

United States District Court,
D. Connecticut.

March 30, 1998.

Wallie Poe, Niantic, CT, pro se.

Susan Quinn Cobb, Attorney General's Office, Hartford, CT, for Defendant.

*RULING AND ORDER*

CHATIGNY, District Judge.

Defendant's motion to dismiss [doc. # 16] is granted absent opposition and for good cause shown.

Plaintiff, a Connecticut inmate serving a lengthy sentence for first degree arson, brings this action pro se under 42 U.S.C. § 1983 against the probation officer who prepared the presentence report used in the sentencing process, alleging that she failed to conduct a proper investigation and submitted a report that was false and misleading. Plaintiff alleges that the presentence report adversely affected his sentencing by the Superior Court and the determination of his security classification by the Department of Correction and might hurt his chances of gaining release on parole. Plaintiff seeks an order requiring defendant to prepare a corrected presentence report plus compensatory and punitive damages for any harm he has suffered as a result of defendant's alleged failure to perform her duties in a proper manner.

 Defendant contends that the action is barred by the statute of limitations applicable to § 1983 actions in Connecticut, Conn. Gen.Stat. § 52–577, which requires actions to be brought within three years of the date of the act or omission complained of. The initial complaint in this action was filed on April 16, 1996, exactly three years after the plaintiff was sentenced based on the report.[1] The record shows that defendant prepared and submitted the presentence report at least 24 hours before the sentencing hearing, as required by state law.[2] Because defendant's alleged acts and omissions necessarily occurred more than three years before this action was commenced, the action is time-barred.

 Wholly apart from the statute of limitations problem, plaintiff's claim for damages against defendant is barred because she is protected against claims for money damages by quasi-judicial immunity. Federal probation officers who prepare and submit presentence reports have absolute immunity from suit because they act as an arm of the court and the function they perform is "an integral part of one of the most critical phases of the judicial process." *Dorman v. Higgins,* 821 F.2d 133, 136–37 (2d Cir.1987). The function performed by Connecticut probation officers in connection with presentence reports is essentially the same.[3] Accordingly, they are entitled to the same immunity. *See Shelton v.. McCarthy,* 699 F.Supp. 412 (W.D.N.Y.1988) (recognizing that state probation officers in New York who prepare presentence reports have quasi-judicial immunity).

 Plaintiff's claim for injunctive relief requiring defendant to prepare and submit a corrected presentence report also fails on the merits. Plaintiff has sued defendant in her

---

1. The initial complaint was stamped "filed" by the Clerk's office on April 13, 1993, and assigned a case number. The complaint was not processed because of a variety of deficiencies, which were brought to plaintiff's attention by a notice dated May 24, 1996. An amended complaint was filed on August 28, 1996, and served on May 12, 1997.

2. Under Practice Book § 915, the presentence report must be disclosed to the parties "in sufficient time for them to prepare adequately for the sentencing hearing, and in any event, no less than twenty-four hours prior to the date of sentencing." If the court finds that the defendant did not receive the report within such time, and the defendant requests a continuance, the sentencing must be continued. Plaintiff has not challenged defendant's assertion that the presentence report was delivered to his counsel at least 24 hours before the sentencing hearing.

3. Under Connecticut law, a person convicted of a crime punishable by more than a year in prison may not be sentenced until a presentence report has been considered by the court. Conn. Gen. Stat. § 54–91a(a). Presentence reports are ordered by the court, Practice Book § 910, and must be disclosed to the parties before the sentencing hearing, Practice Book § 915. Defense counsel must bring to the attention of the court any inaccuracy in the report of which he is aware or which the defendant claims to exist, Practice Book § 925. When the court finds that any significant information in the report is inaccurate, it must order the office of adult probation to amend all copies of the report and provide both parties with an amendment containing the corrected information, Practice Book § 919(1). The report is not a public document but must be made available to, among others, the probation department, the correctional facility where the defendant is confined and the parole board, Practice Book § 917.

individual capacity only. Claims for prospective relief against a state officer may be asserted only against the officer in her official capacity. *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985); *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir.1991). Moreover, the facts alleged in the complaint are insufficient to provide a basis for injunctive relief against anyone. Plaintiff alleges that he has obtained a stipulated judgment in a habeas proceeding requiring the State to amend the presentence report to include certain pages of the sentencing hearing transcript, which contain a discussion between the court and plaintiff's defense counsel concerning the report's accuracy and fairness.[4] If plaintiff can demonstrate that the report, even as amended, will be used by state officials to cause him harm in violation of his constitutional rights, he may bring an action against those officials to challenge any allegedly unconstitutional use of the report. *See Dorman v. Higgins,* 821 F.2d at 138.

Accordingly, the amended complaint is hereby dismissed. The Clerk may close the file.

So ordered.

---

4. Plaintiff's papers indicate that the presentence report has not been amended as required by the stipulation. If that is true, plaintiff can take steps to enforce the judgment.