**Richard GEORGE, Plaintiff–Appellant,**

v.

**NYC DEPARTMENT OF CITY PLANNING, NYC Department of Buildings, and Shacaf Ankor, Defendants–Appellees.**

**Docket No. 05–0886–CV.**

United States Court of Appeals, Second Circuit.

Argued: Oct. 21, 2005.

Decided: Jan. 25, 2006.

Richard George, Plaintiff–Appellant, pro se.

Scott Shorr, Corporation Counsel of the City of New York, New York, N.Y. representing Defendants–Appellees NYC Department of City Planning and NYC Department of Buildings.

Before: OAKES, JACOBS, and SACK, Circuit Judges.

DENNIS JACOBS, Circuit Judge.

The complaint alleges that the New York City Department of Buildings granted various building permits for a fence that obstructed a public right of access to a beach on the Atlantic Ocean, and that the City approved the fence without reviewing its environmental impact, violating public and private rights guaranteed by the Coastal Zone Management Act, 16 U.S.C. § 1451 *et seq.* (2004).

Magistrate Judge Lois Bloom filed a Report and Recommendation in October 2004 recommending that the complaint be dismissed on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on the ground that the Act does not afford a private right of action against city agencies. The United States District Court for the Eastern District of New York (Feuerstein, *J.*), adopted the Report and Recommendation in its entirety. We affirm.

## DISCUSSION

■ A grant of judgment on the pleadings is reviewed *de novo;* we affirm only if plaintiff would not be entitled to relief under any set of alleged facts. *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994).

■ "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval,* 532 U.S. 275, 286, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001). Plaintiff challenges the City's compliance with the following chapter of the Act:

State and local governments submitting applications for Federal assistance under other Federal programs, in or outside of the coastal zone ... shall indicate the views of the appropriate state or local agency as to the relationship of such activities to the approved management program for the coastal zone.... *Federal agencies shall not approve proposed projects that are inconsistent with the enforceable policies of a coastal state's management program, except upon a finding by the Secretary that such project is consistent with the purposes of this chapter* or necessary in the interest of national security.

16 U.S.C. § 1456(d) (2000) (emphasis added).

■ To discover whether Congress intended that the Act be enforceable by a private right of action, we look to the "text and structure" of the statute. *Sandoval,* 532 U.S. at 288, 121 S.Ct. 1511. Where the text explicitly contemplates public enforcement only, courts will assume Congress intended to preclude private enforcement. *Id.* at 290, 121 S.Ct. 1511; *Gerosa v. Savasta & Co.,* 329 F.3d 317, 322 (2d Cir.2003).

Nothing in the text of the Act renders the City liable *to plaintiff* for granting defendant a building permit without reviewing whether the project is consistent with the coastal zone. And the "structure" of the Act only reinforces the view that the Act affords no private right of action. The Act specifies a remedy against state or city agencies that proceed without consistency review: the denial of "applications for Federal assistance under other Federal programs." 16 U.S.C. § 1456(d); *see also,* 16 U.S.C. § 1455(b) (2000) ("The Secretary may make a grant to a coastal state under ... this section only if the Secretary finds that the management program of the coastal state meets all applicable requirements of this chapter...."). It is telling that the Act specifies a mechanism for enforcing the consistency requirement against state and city agencies without mention of any private right of action.

As the Third Circuit concluded, the Act's "general statement of intent to enhance state authority, given effect through explicit measures in the statute itself, cannot be taken to indicate an intent also to create rights of actions that the statute fails to mention." *Dep't of Envtl. Prot. & Energy v. Long Island Power Auth.*, 30 F.3d 403, 423 (3d Cir.1994); *see also California ex rel. Brown v. Watt*, 683 F.2d 1253, 1270 (9th Cir.1982), *rev'd on other grounds*, 464 U.S. 312, 104 S.Ct. 656, 78 L.Ed.2d 496 (1984) (assuming, though not deciding, that no private right of action is available under the Act). District courts within the Second Circuit have likewise declined to find a private right of action in the Act. *See Town of N. Hempstead v. Vill. of N. Hills*, 482 F.Supp. 900, 905 (E.D.N.Y.1979) ("[The Act] is neither a jurisdictional grant, nor a basis for stating a claim upon which relief can be granted."); *see also New York v. DeLyser*, 759 F.Supp. 982, 987 (W.D.N.Y.1991) (suggesting that only possible private right of action under the Act would be against the federal government through the Administrative Procedure Act).

We adopt the interpretation favored by other circuits and by district courts in this Circuit, namely, that the Coastal Zone Management Act creates no private right of action against city agencies.

We have considered all of plaintiff's other claims and consider them to be without merit. The decision of the district court is affirmed.