**Abdul PEAY, Plaintiff–Appellant,**

v.

**Carl AJELLO, Johanna Colon, c/o William O'Connor, Defendants– Appellees.**

**Docket No. 05–6476–PR.**

United States Court of Appeals, Second Circuit.

Submitted: Nov. 9, 2006.

Decided: Nov. 16, 2006.

---

Abdul Peay, pro se.

Matthew B. Beizer, Assistant Attorney General (Richard Blumenthal, Attorney General, on the brief), State of Connecticut Attorney General's Office, Hartford, CT, for Defendants–Appellees Ajello and O'Connor.

Robert W. Clark, Assistant Attorney General (Richard Blumenthal, Attorney General, on the brief), State of Connecticut Attorney General's Office, Hartford, CT, for Defendant–Appellee Colon.

Before: LEVAL and CABRANES, Circuit Judges, and RAKOFF, District Judge.[1]

JOSÉ A. CABRANES, Circuit Judge.

Plaintiff Abdul Peay ("plaintiff"), a Connecticut state prisoner, appeals from a final judgment of the United States District Court for the District of Connecticut (Robert N. Chatigny, *Judge*), dismissing his complaint, brought under 42 U.S.C. § 1983, against the Assistant State's Attorney who prosecuted plaintiff in a state

---

1. The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

criminal trial, the Assistant Public Defender who represented plaintiff at that trial, and the Assistant Probation Officer who prepared plaintiff's presentence report following conviction. For the reasons stated below, we affirm in all respects, writing briefly to address why Connecticut probation officers are entitled to absolute immunity from claims for damages when preparing and furnishing presentence reports.

█ We assume the parties' familiarity with the factual background and procedural history of this case, and we repeat only those details necessary to the disposition of plaintiff's appeal. Plaintiff was tried and convicted in state court on two counts of burglary. Carl Ajello was the Assistant State's Attorney assigned to prosecute the case; William O'Connor was the Assistant Public Defender who represented plaintiff; and Johanna Colon was the Assistant Probation Officer who prepared plaintiff's presentence report. Plaintiff sued Ajello, O'Connor, and Colon for damages under 42 U.S.C. § 1983, alleging (1) that Ajello and O'Connor had conspired to deprive him of his constitutional rights by fabricating evidence used at trial, withholding exculpatory evidence, suborning perjury, and attempting to intimidate him into accepting a guilty plea, and (2) that Colon violated his constitutional rights by deliberately including false information in his presentence report. The District Court dismissed plaintiff's claims against Ajello on the ground that he was protected by absolute prosecutorial immunity regardless of

whether the alleged misconduct was illegal or the product of a conspiracy. Determining that a judgment in plaintiff's favor would necessarily imply that plaintiff's conviction was invalid, the District Court dismissed without prejudice plaintiff's claims against O'Connor because plaintiff had not proven his conviction was reversed on direct appeal or otherwise invalidated as required by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), to maintain suit. Finally, the District Court dismissed plaintiff's claims against Colon on the ground that Connecticut probation officers are entitled to absolute immunity from suits for damages when preparing and submitting presentence reports. Plaintiff challenges each of these conclusions on appeal.[2]

█ We review *de novo* a District Court's grant of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), affirming the dismissal "only if it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Boddie v. Schnieder,* 105 F.3d 857, 860 (2d Cir.1997). "[W]e hold complaints prepared *pro se* 'to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam)).

█ The District Court's treatment of plaintiff's claims against Ajello and O'Con-

---

**2.** Plaintiff also appears to challenge the District Court's ruling on a motion for "emergency relief," although it is not clear what remedy plaintiff seeks with respect to this issue. The "emergency relief" presumably refers to a motion for a temporary restraining order against Ajello, O'Connor, Colon, a Superior Court Judge, and a court reporter, on the ground that they were attempting to alter the official record of plaintiff's case. The District Court determined that plaintiff had failed to

meet the required pleading standards for a temporary restraining order and had failed to show the record was altered. We review a denial of injunctive relief for abuse of discretion. *Schwartz v. Dolan,* 86 F.3d 315, 319 (2d Cir.1996). Plaintiff made no showing that the defendants intended to alter his record or that his record had been tampered with. Accordingly, the District Court's denial of the motion was not an abuse of discretion.

nor requires little discussion. Plaintiff's claims against Ajello, which encompass activities involving the initiation and pursuit of prosecution, are foreclosed by absolute prosecutorial immunity, regardless of their alleged illegality. *See Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir.2005) ("A prosecutor is ... entitled to absolute immunity despite allegations of his 'knowing use of perjured testimony' and the 'deliberate withholding of exculpatory information.' Although such conduct would be 'reprehensible,' it does not make the prosecutor amenable to a civil suit for damages." (citations omitted) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 n. 34, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976))); *see also Pinaud v. County of Suffolk*, 52 F.3d 1139, 1148 (2d Cir.1995) ("[W]hen the underlying activity at issue is covered by absolute immunity, the 'plaintiff derives no benefit from alleging a conspiracy.'" (quoting *Hill v. City of New York*, 45 F.3d 653, 659 n. 2 (2d Cir.1995))). We also agree that plaintiff's claims against O'Connor are not cognizable under § 1983, even though plaintiff does not in so many words challenge the lawfulness of his conviction. The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or *for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364 (emphasis added) (citation and footnote omitted). We do not doubt that plaintiff's allegations of extensive conspiratorial misconduct between defense counsel and the prosecution would render the conviction invalid if they were proved. *See Satterwhite v. Texas,* 486 U.S. 249, 256, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988) ("Some constitutional violations ... by their very nature cast so much doubt on the fairness of the trial process that, as a matter of law, they can never be considered harmless. Sixth Amendment violations that pervade the entire proceeding fall within this category."); *cf. United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) ("[I]f counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable."). Inasmuch as plaintiff has not shown that his conviction has been reversed or declared invalid, the District Court properly dismissed the claims against O'Connor. *See Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364.

■ Turning to the District Court's dismissal of plaintiff's claims against Colon, we now hold that Connecticut probation officers are entitled to absolute immunity from claims for damages in the preparation and furnishing of presentence reports to trial courts.[3] We have accorded this same immunity to federal probation officers and to New York State probation officers, "in light of the desirability of having such reports provide the courts with all information that may be relevant to sentencing, and in light of the availability of procedural mechanisms for the defendant

---

**3.** The United States District Court for the District of Connecticut has recognized such immunity for Connecticut probation officers both in the instant case and in the case of *Poe v. Massey,* 3 F.Supp.2d 176, 177 (D.Conn. 1998), but we have not spoken on the issue until now.

to challenge those aspects of the reports that he feels are inaccurate." *Hili v. Sciarrotta,* 140 F.3d 210, 213 (2d Cir.1998) (comparing New York law regarding presentence reports to federal law); *see also Dorman v. Higgins,* 821 F.2d 133, 136–39 (2d Cir.1987) (affording absolute immunity from suits for damages to federal probation officers arising out of the preparation and furnishing of presentence reports). We conclude that Connecticut probation officers are also entitled to absolute immunity in suits for damages arising out of their preparation and submission of presentence reports under the reasoning in *Hili* and *Dorman.*

The task of preparing and submitting presentence reports—under federal, New York, and Connecticut law—"is an integral part of one of the most critical phases of the judicial process," and a probation officer "acts as an arm of the court" in fulfilling that task. *Dorman,* 821 F.2d at 137. Under Connecticut statutory law and rules of practice, in all cases (other than cases of capital felonies, which are governed by a different scheme[4]) the court is either required to or has discretion to order the creation of a presentence report to assist in the determination of the sentence. *See* CONN. GEN.STAT. § 54–91a(a) (2005); CONN. PRACTICE BOOK § 43–3(a) (2006). "The 'sole purpose [of a presentence report] is to enable the court, within limits fixed by statute, to impose an appropriate penalty, fitting the offender as well as the crime.'" *State v. Patterson,* 236 Conn. 561, 674 A.2d 416, 422–23 (1996) (quoting *State v. Gullette,* 3 Conn.Cir.Ct. 153, 209 A.2d 529, 538 (1964)); *cf. Hili,* 140 F.3d at 213 ("[Under New York Law], the State court is to receive from the probation department a presentence re-

port to inform the exercise of its sentencing discretion."); *Dorman,* 821 F.2d at 137 ("[T]he principal purpose of the presentence report is to provide the court with information facilitating the meaningful exercise of its sentencing discretion...."). A Connecticut probation officer preparing a presentence report must inquire into, *inter alia,* the circumstances of the offense, the attitude of the victim, and the defendant's criminal record, social history, and present condition. CONN. GEN.STAT. § 54–91a(c); CONN. PRACTICE BOOK § 43–4(a). Although Connecticut law does not explicitly provide probation officers with the same level of discretion as their New York counterparts, *see Hili,* 140 F.3d at 213 ("*[I]nvestigation may also include any other matter which the agency conducting the investigation deems relevant to the question of sentence* ....") (quoting N.Y.CRIM. PROC. L. § 390.30(1)), it remains "obvious that the probation officer cannot include every word that is said to him" and that "some discretion must be exercised in his decision of what to report to the court," *Dorman,* 821 F.2d at 137. Statutory directions that Connecticut probation officers "inquire" and "include an inquiry" into the matters enumerated above, without prescribing specific facts that must be included in the report, reflect this discretion. *See* CONN. GEN.STAT. § 54–91 a(c) ("[T]he probation officer shall promptly inquire into the circumstances of the offense...."); CONN. PRACTICE BOOK § 43–4(a) ("Such investigation shall include an inquiry into the circumstances of the offense...."). Accordingly, we hold that the role of Connecticut probation officers in preparing and furnishing presentence reports to courts does not differ in any meaningful way from the role of fed-

---

**4.** Rules for sentencing a defendant convicted of a capital felony are governed by CONN.

GEN.STAT. § 53a–46a (2005).

eral and New York probation officers performing the same function and likewise requires the protection afforded by absolute immunity.

Like New York and federal law, Connecticut law also provides safeguards to prevent violation of "a defendant's due process right not to be punished on the basis of false information." *Hili,* 140 F.3d at 213. Defense counsel may be present during a defendant's interview by the probation officer regarding the presentence report, CONN. PRACTICE BOOK § 43–5, and the report must be provided to defense counsel or the defendant "in sufficient time for them to prepare adequately for the sentencing hearing, and in any event, no less than twenty-four hours prior to the date of the sentencing." *Id.* § 43–7. The sentencing may be continued if the court finds that the defendant did not receive the report within such time. *See id.* At the sentencing hearing, the court must "afford the parties an opportunity to be heard and, in its discretion, to present evidence on any matter relevant to the disposition, and to explain or controvert the presentence investigation report...." *Id.* § 43–10(1); *see also id.* § 43–14 ("Defense counsel shall bring to the attention of the judicial authority any inaccuracy in the presentence ... report of which he or she is aware or which the defendant claims to exist."). If the court finds that any significant information in the presentence report is inaccurate, it must order amendment of the report. *Id.* § 43–10(1). A defendant may challenge a sentence based on inaccurate information on direct appeal. *See State v. Anderson,* 212 Conn. 31, 561 A.2d 897, 906 (1989); *State v. McNellis* 15 Conn.App. 416, 546 A.2d 292, 307–08 (1988). Indeed, plaintiff has done so already. *See State v. Peay,* 96 Conn.App. 421, 900 A.2d 577, 592–93 (2006) *cert. denied,* 908 A.2d 541, 280 Conn. 910 (2006) (rejecting plaintiff's claims that the trial court relied on an inaccurate presentence report). Thus, as under federal and New York law, "the presentence report prepared by the probation officer is subject to adversary scrutiny and at least two layers of judicial review." *Dorman,* 821 F.2d at 138.

■ In light of the role Connecticut law assigns to presentence reports in aid of a judicial function and the safeguards in place to protect a defendant's right to be sentenced based on accurate information, we hold that absolute immunity from claims for damages applies to Connecticut probation officers in the preparation and submission of presentence reports. *Cf. Freeze v. Griffith,* 849 F.2d 172, 175 (5th Cir.1988) (Louisiana probation officers absolutely immune from claims for damages); *Demoran v. Witt,* 781 F.2d 155, 157–58 (9th Cir.1986) (same for California probation officers); *Hughes v. Chesser,* 731 F.2d 1489, 1490 (11th Cir.1984) (same for Alabama probation officers). It is therefore irrelevant that plaintiff alleges Colon deliberately presented false information in the presentence report. *Cf. Dorman,* 821 F.2d at 139 ("[S]ince absolute immunity spares the official any scrutiny of his motives, an allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity.").

\* \* \* \*

We have carefully considered all of plaintiff's arguments and find each of them to be without merit. Accordingly, for the reasons stated above, the judgment below is **AFFIRMED.**