Richard GEORGE, John Baxter, Plaintiffs–Appellants,

v.

Donald EVANS, Secretary of Commerce; Conrad C. Lautenbacher, Vice Admiral; Eldon Hout, Director; L. Christine McCay; Helen Farr–Bass; New York 312 & 312 Evaluation Team Members; Public Officers of the U.S. Department of Commerce; National Oceanic and Atmospheric Administration/Office of Coastal Resource Management; Alphonso Jackson, U.S. Department of Housing and Urban Development; Secretary of State Lorraine A. Cortes-Vazquez; Vance Barr, Consistency Review Specialists, Division of Coastal Resources; Public Officers of New York State Department of State; Pete Grannis, Commissioner, New York State Department of Environmental Protection; Deborah Van Amerongen, Commissioner, New York State Division of Housing and Community Renewal; Audrey I. Pheffer, New York State Assembly Member; Jill Konviser–Levine, New York State Inspector General, Office of Inspector General; Andrew M. Cuomo, Attorney General of New York State; Amanda Burden, Chair; David Karnovsky, Counsel; Wilber Woods, Director, Waterfront and Open Space Division; John Young, Director, City Planning, Queens; Public Officers of the New York City Department, Acting As the City Coastal Commission; Patricia Lancaster, Commissioner; Magdi Mossad, Queens Borough Commissioner; Phyllis Arnold, General Counsel, New York City Department of Buildings; Shaun Donovan, Commissioner; Joseph Rosenberg, Deputy Commissioner; Helen Gitelson, Public Officers, New York City Housing Preservation and Development; Emily Youssouf, President, New York City Housing Development Corporation; Iris Weinshall, Commissioner, New York City Department of Transportation; David Yassky, New York Counsel Member Chairman, Waterfront Committee; Helen Marshall, Queens Borough President; Jonathan Gaska, Community Board # 14 Dis-

trict Manager; New York State Department of State; United Homes, LLC; NYC Dep't of Buildings and Dep't of Planning, Defendants–Appellees.

No. 07–1874–cv.

United States Court of Appeals, Second Circuit.

Feb. 20, 2009.

Richard George, Far Rockaway, NY, pro se.

John Baxter, Rockaway Park, NY, pro se.

Tiana Demas, Assistant United States Attorney (Varuni Nelson, Denise McGinn, Assistant United States Attorneys, on the brief), for Benton J. Campbell, United States Attorney, Eastern District of New York, Central Islip, NY, for Appellees.

Gregory J. Nolan, Assistant Attorney General, for Andrew M. Cuomo, Attorney General of the State of New York, New York, NY, for Appellees.

Scott Schorr, Senior Counsel, for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Appellees.

Jason P. Sultzer, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains, NY, for Appellees.

Present: RALPH K. WINTER,
REENA RAGGI, PETER W. HALL,
Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on March 29, 2007, is AFFIRMED.

*Pro se* plaintiffs George and Baxter appeal the dismissal of their complaint against federal, state, city, and private defendants for alleged violations of the Coastal Zone Management Act ("CZMA"), 16 U.S.C. § 1451 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706.[1] We review *de novo* a grant of dismissal for failure to state a claim, *see* Fed.R.Civ.P. 12(b)(6), or for judgment on the pleadings, see Fed.R.Civ.P. 12(c). *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 392 (2d Cir.2008). In so doing, we "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor," *id.* (internal quotation marks omitted), holding *pro se* pleadings to "less stringent standards" than those drafted by lawyers, *Peay v.*

*Ajello*, 470 F.3d 65, 67 (2d Cir.2006) (internal quotation marks omitted). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *The CZMA*

 Plaintiffs' argument that the CZMA provides a private cause of action is foreclosed by two previous opinions of this court in which we rejected plaintiff George's claims arising from essentially the same set of facts. *See George v. NYC Dep't of City Planning*, 436 F.3d 102, 104 (2d Cir.2006) ("*George I*"); *see also George v. Home Impressive, Inc.*, 180 Fed. Appx. 256, 257 (2d Cir.2006) ("*George II*"). In *George I* we ruled that "[t]he [CZMA] is neither a jurisdictional grant, nor a basis for stating a claim upon which relief can be granted." 436 F.3d at 104. We explained that "the structure of the [CZMA] only reinforces the view that the Act affords no private right of action." *Id.* at 103. We reiterated this holding in an unpublished summary order in *George II*, 180 Fed. Appx. at 257, and we do so again here. The CZMA does not entitle plaintiffs to assert a private cause of action against the federal, state, city, or private defendants.

### 2. *The APA*

 In *George I* we suggested, without deciding, that the "only possible private right of action under the [CZMA] would be against the federal government through the Administrative Procedure Act." *George I*, 436 F.3d at 104 (citing *New York v. DeLyser*, 759 F.Supp. 982, 987 (W.D.N.Y.

---

1. To the extent plaintiffs also sued defendants under the National Environmental Policy Act, 42 U.S.C. § 4321, *et seq.*, the First, Fifth, and Fourteenth Amendments of the Constitution, and 42 U.S.C. §§ 1981 and 1983, they do not challenge the dismissal of these claims on appeal. Nor do they independently challenge the district court's decision not to exercise supplemental jurisdiction over state law claims. Accordingly, we deem any such argument waived. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir.2005).

1991)); *see Norton v. S. Utah Wilderness Alliance,* 542 U.S. 55, 61–62, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004) (noting that APA may provide review of "final agency action" where statute does not provide private right of action (emphasis omitted)). Even assuming that APA review of CZMA-related agency action is generally available, and that plaintiffs fall within the "zone of interests" protected by the CZMA, *National Credit Union Admin. v. First Nat'l Bank & Trust Co.,* 522 U.S. 479, 488, 118 S.Ct. 927, 140 L.Ed.2d 1 (1998), plaintiffs' APA claim nevertheless fails because their 136–page complaint does not identify an agency action over which the district court could have exercised judicial review authority. Rather, plaintiffs launch a sweeping and ill-defined challenge to development in the Rockaway area, providing only conclusory allegations that such development "cannot" have been certified by the Department of Commerce under 16 U.S.C. § 1458(a). Plaintiffs' general request that the court remedy their perceived injury by engaging in a review of all agency actions related to those projects is beyond the scope of judicial authority under the APA. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 891, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) ("Respondent alleges that violation of the law is rampant within this program ... But respondent cannot seek wholesale improvement of this program by court decree, rather than in the offices of the [agency] or the halls of Congress, where programmatic improvements are normally made." (emphasis omitted)); *see generally Karpova v. Snow,* 497 F.3d 262, 267 (2d Cir.2007) ("[T]he scope of review under the 'arbitrary and capricious' standard is narrow, and courts should not substitute their judgment for that of the agency." (internal quotation marks and alterations omitted)).

### 3. *Mandamus*

We also conclude that the district court properly dismissed plaintiffs' request for a writ of mandamus on the ground that plaintiffs have failed to identify a "nondiscretionary duty" defendants owe to them. *Duamutef v. INS,* 386 F.3d 172, 180 (2d Cir.2004) (emphasis omitted).

### 4. *Sanctions*

As noted above, this is George's third appeal raising essentially the same frivolous claims arising from the same set of facts. We caution George that, should he persist in pursuing such frivolous claims, this court "may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities." *In re Martin–Trigona,* 9 F.3d 226, 228 (2d Cir.1993). These measures include barring a party from filing further appeals or motions without the leave of this court, *see Gyadu v. Hartford Ins. Co.,* 197 F.3d 590, 592 (2d Cir.1999) (imposing leave-to-file requirement on litigant who had filed seven appeals and "numerous other motions"), and monetary sanctions, including attorney's fees, for filing and prosecuting a frivolous appeal, *see* Fed. R.App. P. 38; *60 E. 80th St. Equities, Inc. v. Sapir,* 218 F.3d 109, 119 (2d Cir.2000).

We have considered all of plaintiffs' remaining arguments and have found them to be without merit. For the foregoing reasons we AFFIRM the district court's judgment.