SUMMARY ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on March 29, 2007, is AFFIRMED.
Pro se plaintiffs George and Baxter appeal the dismissal of their complaint against federal, state, city, and private defendants for alleged violations of the Coastal Zone Management Act (“CZMA”), 16 U.S.C. § 1451 et seq., and the Administrative Procedure Act (“APA”), 5 U.S.C. §§ 701-706.[1] We review de novo a grant of dismissal for failure to state a claim, see Fed.R.Civ.P. 12(b)(6), or for judgment on the pleadings, see Fed.R.Civ.P. 12(c). City of New York v. Beretta U.S.A. Corp., 524 F.3d 384, 392 (2d Cir.2008). In so doing, we “accept all allegations in the complaint as true and draw all inferences in the non-moving party’s favor,” id. (internal quotation marks omitted), holding pro se pleadings to “less stringent standards” than those drafted by lawyers, Peay v. Ajello, 470 F.3d 65, 67 (2d Cir.2006) (internal quotation marks omitted). We assume the parties’ familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.
1. The CZMA
Plaintiffs’ argument that the CZMA provides a private cause of action is foreclosed by two previous opinions of this court in which we rejected plaintiff George’s claims arising from essentially the same set of facts. See George v. NYC Dep’t of City Planning, 436 F.3d 102, 104 (2d Cir.2006) (“George I”); see also George v. Home Impressive, Inc., 180 Fed.Appx. 256, 257 (2d Cir.2006) (“George II ”). In George I we ruled that “[t]he [CZMA] is neither a jurisdictional grant, nor a basis for stating a claim upon which relief can be granted.” 436 F.3d at 104. We explained that “the structure of the [CZMA] only reinforces the view that the Act affords no private right of action.” Id. at 103. We reiterated this holding in an unpublished summary order in George II, 180 Fed.Appx. at 257, and we do so again here. The CZMA does not entitle plaintiffs to assert a private cause of action against the federal, state, city, or private defendants.
2. The APA
In George I we suggested, without deciding, that the “only possible private right of action under the [CZMA] would be against the federal government through the Administrative Procedure Act.” George I, 436 F.3d at 104 (citing New York v. DeLyser, 759 F.Supp. 982, 987 (W.D.N.Y. *429 1991)); see Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 61-62, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004) (noting that APA may provide review of “final agency action” where statute does not provide private right of action (emphasis omitted)). Even assuming that APA review of CZMA-related agency action is generally available, and that plaintiffs fall within the “zone of interests” protected by the CZMA, National Credit Union Admin. v. First Nat’l Bank & Trust Co., 522 U.S. 479, 488, 118 S.Ct. 927, 140 L.Ed.2d 1 (1998), plaintiffs’ APA claim nevertheless fails because their 136-page complaint does not identify an agency action over which the district court could have exercised judicial review authority. Rather, plaintiffs launch a sweeping and ill-defined challenge to development in the Rockaway area, providing only conclusory allegations that such development “cannot” have been certified by the Department of Commerce under 16 U.S.C. § 1458(a). Plaintiffs’ general request that the court remedy their perceived injury by engaging in a review of all agency actions related to those projects is beyond the scope of judicial authority under the APA. See Lujan v. Nat’l Wildlife Fed’n, 497 U.S. 871, 891, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (“Respondent alleges that violation of the law is rampant within this program ... But respondent cannot seek wholesale improvement of this program by court decree, rather than in the offices of the [agency] or the halls of Congress, where programmatic improvements are normally made.” (emphasis omitted)); see generally Karpova v. Snow, 497 F.3d 262, 267 (2d Cir.2007) (“[T]he scope of review under the ‘arbitrary and capricious’ standard is narrow, and courts should not substitute their judgment for that of the agency.” (internal quotation marks and alterations omitted)).
3. Mandamus
We also conclude that the district court properly dismissed plaintiffs’ request for a writ of mandamus on the ground that plaintiffs have failed to identify a “nondiscretionary duty” defendants owe to them. Duamutef v. INS, 386 F.3d 172, 180 (2d Cir.2004) (emphasis omitted).
4. Sanctions
As noted above, this is George’s third appeal raising essentially the same frivolous claims arising from the same set of facts. We caution George that, should he persist in pursuing such frivolous claims, this court “may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities.” In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir.1993). These measures include barring a party from filing further appeals or motions without the leave of this court, see Gyadu v. Hartford Ins. Co., 197 F.3d 590, 592 (2d Cir.1999) (imposing leave-to-file requirement on litigant who had filed seven appeals and “numerous other motions”), and monetary sanctions, including attorney’s fees, for filing and prosecuting a frivolous appeal, see Fed. R.App. P. 38; 60 E. 80th St. Equities, Inc. v. Sapir, 218 F.3d 109, 119 (2d Cir.2000).
We have considered all of plaintiffs’ remaining arguments and have found them to be without merit. For the foregoing reasons we AFFIRM the district court’s judgment.

. To the extent plaintiffs also sued defendants under the National Environmental Policy Act, 42 U.S.C. § 4321, et seq., the First, Fifth, and Fourteenth Amendments of the Constitution, and 42 U.S.C. §§ 1981 and 1983, they do not challenge the dismissal of these claims on appeal. Nor do they independently challenge the district court's decision not to exercise supplemental jurisdiction over state law claims. Accordingly, we deem any such argument waived. See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 428 (2d Cir.2005).