**Fortunato GARCIA, Plaintiff–Appellant,**

v.

**Robert HEBERT, Lisa Killiany, Magdalena Campos, Andrew Wittstein, John Doe, Mary Roe, Defendants–Appellees.**

No. 09–1615–cv.

United States Court of Appeals, Second Circuit.

Nov. 12, 2009.

Whitney North Seymour, Jr., Law Office of Whitney North Seymour, Jr., New York, N.Y. (Gabriel North Seymour, on the brief), Appearing for Petitioner.

Maite Barainca, Assistant Attorney General, Hartford, CT (Richard Blumenthal, Attorney General, Thomas J. Davis, Jr., Assistant Attorney General, on the brief), Appearing for Respondents.

PRESENT: B.D. PARKER, PETER W. HALL, and GERARD E. LYNCH, Circuit Judges.

---

## SUMMARY ORDER

Petitioner seeks review of an order of the District Court approving and adopting the Magistrate Judge's recommendation to grant Respondents' Motion to Dismiss. We assume the parties' familiarity with the facts, procedural context, and specification of appellate issues.

We agree with the Magistrate Judge that Petitioner's damages claims against the prosecutors are barred by absolute prosecutorial immunity because the prosecutors were acting as "officer[s] of the court" when performing all of the actions upon which the claims are predicated. *See Van de Kamp v. Goldstein,* —— U.S. ——, 129 S.Ct. 855, 861, 172 L.Ed.2d 706 (2009) (quotations omitted); *see also Peay v. Ajello,* 470 F.3d 65, 68 (2d Cir.2006). Furthermore, we agree with the Magistrate Judge that the equitable remedies of injunctive and declaratory relief are unavailable absent a showing of irreparable injury and Petitioner has made no showing of any real or immediate threat that he will be wronged again. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *see also Shain v. Ellison,* 356 F.3d 211, 215–16 (2d Cir.2004).

Notwithstanding the foregoing rulings, this Court is disturbed by the allegations of prosecutorial conduct at issue and by the State of Connecticut's ostensible refusal in its brief and at oral argument to admit that were those allegations true, the practices would be, if not unconstitutional, likely illegal and certainly improper. Accordingly, we order the Attorney General of the State of Connecticut, within 30 days of this Order, to provide this Court with a detailed report discussing what steps have been taken to address the practice of the State's Attorney at the Connecticut Superior Court in Bantam, CT, and what steps are being taken to ensure that they will not continue in the future.

For the foregoing reasons, the order of the District Court is **AFFIRMED.**