**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2012[*]
Decided April 17, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-3573

| | |
|---|---|
| JOSEPH F. SOULIER, <br>   *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Western District of Wisconsin. |
| *v.* | No. 10-cv-333-wmc |
| H. CRAIG HAUKAAS, <br>   *Defendant-Appellee.* | William M. Conley, <br> *Chief Judge.* |

### O R D E R

Joseph Soulier sued H. Craig Haukaas, the district attorney in Bayfield County,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

Wisconsin, under 42 U.S.C. § 1983. He alleges that Haukaas denied him due process by agreeing to drop all charges only if Soulier pleaded no contest to one of them, left the county for three years, and hid the plea agreement from the state judge. The district court dismissed the suit on the ground that Haukaas was entitled to absolute prosecutorial immunity. Because Haukaas functioned as a prosecutor when offering his plea deal, we affirm the judgment of the district court.

Haukaas charged Soulier in October 2003 with battery in Bayfield County, and he was released on bond pending trial. About a month later, Haukaas charged him with disorderly conduct and criminal trespass to a dwelling. According to Soulier, Haukaas offered to dismiss the battery charge, the disorderly conduct charge, and the criminal trespass charge if Soulier pleaded no contest to the battery charge, left the court's jurisdiction before sentencing (which would violate the terms of his bond), remained outside the county for three years, and kept the deal secret. Haukaas also allegedly threatened to seek a long prison term for Soulier if he did not agree. Soulier agreed, pleaded no contest to the battery charge, left the county, and did not appear at sentencing. Neither Haukaas nor Soulier's lawyer informed the court of their agreement for Soulier to leave the county.

According to Soulier, he contacted Haukaas two years later, while living outside of Wisconsin, and asked if he could return to seek medical treatment in Bayfield County. Haukaas responded that he could not return until three years had passed, but Soulier returned anyway. Soulier was then arrested on outstanding warrants from his criminal cases. Haukaas, however, moved to dismiss the outstanding criminal charges because Soulier had "substantially complied" with the deal, and the court granted the motion.

In 2007 Haukaas was charged with misconduct in public office and conspiracy to the crime of bail jumping based on his alleged agreement with Soulier. At trial Haukaas denied entering any extrajudicial agreement, and a jury acquitted him on both counts.

Soulier then sued Haukaas for violating his right to due process by pressuring him (with the threat of prolonged incarceration) to enter a secret agreement to plead no contest to the battery charge, leave Wisconsin for three years, and mislead the state court. The district court determined that the alleged threats and false statements by Haukaas were all related to judicial proceedings. The court thus ruled that Haukaas was entitled to absolute prosecutorial immunity and dismissed the case.

On appeal Soulier argues that the district court erred by granting Haukaas prosecutorial immunity because, he maintains, Haukaas was not acting as a prosecutor when he told Soulier to leave the state, violate the conditions of his bond, and not to show

up for his remaining court dates. Instead, Soulier contends that Haukaas was improperly playing judge and was thus not entitled to prosecutorial immunity.

As the district court correctly noted, prosecutors are entitled to absolute immunity from civil liability under § 1983 for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of a state's case at trial, and other conduct intimately associated with the judicial phase of the criminal process. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993). This functional approach "focuses on the conduct for which the immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." *Buckley*, 509 U.S. at 271. When Haukaas allegedly agreed to drop the remaining charges if Soulier pleaded no contest to battery, left the county, and kept the deal secret, he was essentially plea bargaining, and that is a core prosecutorial function protected by absolute immunity. *Mendenhall v. Goldsmith*, 59 F.3d 685, 691 (7th Cir. 1995). Although Haukaas's abuse of plea-bargaining power, if true, was reprehensible, he is entitled to immunity because plea bargaining is intimately associated with a prosecutorial function. See *Imbler v. Pachtman*, 424 U.S. 409, 413, 427 (1976) (absolute immunity barred claim that prosecutor knowingly used false testimony and suppressed material evidence at trial); *Cady v. Arenac Cnty.* 574 F.3d 334, 340–41 (6th Cir. 2009) (absolute immunity bars § 1983 suits arising out of even unquestionably illegal or improper conduct if the challenged action is part of the normal duties of the prosecutor); *Peay v. Ajello*, 470 F.3d 65, 67–68 (2d Cir. 2006) (absolute immunity barred claim that prosecutor conspired to fabricate evidence, withhold exculpatory evidence, and intimidate defendant into accepting plea). And other means of correcting injustice, such as the criminal prosecution Haukaas already faced as well as professional discipline, are available to hold accountable prosecutors who abuse their power. See *Imbler*, 424 U.S. at 428–29.

AFFIRMED.