Fair v. Verizon Communications Inc., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of October, two thousand fifteen.

PRESENT:
RALPH K. WINTER,
DENNIS JACOBS,
PIERRE N. LEVAL,
*Circuit Judges.*

_____

Avon E. Fair,

*Plaintiff-Appellant,*

v.

14-2194

Verizon Communications Inc.,
Verizon Inc., Verizon, et al,

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:          Avon E. Fair, pro se, New York, NY.

**FOR DEFENDANTS-APPELLEES:** Joseph A. D'Avanzo, Esq., Ledy-Gurren, Bass, D'Avanzo & Siff LLP, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Avon E. Fair, pro se, appeals the district court's dismissal for lack of subject matter jurisdiction of her disability discrimination claims under Section 255 of the Telecommunications Act of 1996, 47 U.S.C. § 255, and of her state law fraud and breach of contract claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When reviewing the dismissal of a complaint for lack of subject matter jurisdiction, we review the district court's factual findings for clear error and its legal conclusions de novo. <u>Liranzo v. United States</u>, 690 F.3d 78, 84 (2d Cir. 2012). Upon review, we conclude that the district court correctly ruled that it lacked diversity jurisdiction because the parties were both citizens of New York State. However, the district court erred by dismissing the Telecommunication Act claim for lack

of federal question jurisdiction rather than for failure to state a claim.

The Telecommunications Act expressly provides that "[n]othing in this section shall be construed to authorize any private right of action to enforce any requirement of this section or any regulation thereunder."  47 U.S.C. § 255(f). Furthermore, it grants "exclusive jurisdiction with respect to any complaint under this section" to the FCC.  Id.

Determinations that a federal statute does not provide a private right of action are typically subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) (the "Rules") for failure to state a claim.  See, e.g., Republic of Iraq v. ABB AG, 768 F.3d 145, 171 (2d Cir. 2014) (affirming district court's dismissal under Rule 12(b)(6) that Foreign Corrupt Practices Act does not provide a private right of action); Lopez v. Jet Blue Airways, 662 F.3d 593, 597 (2d Cir. 2011) (affirming district court's dismissal under Rule 12(b)(6) that the Air Carrier Access Act does not provide a private right of action); George v. NYC Dep't of City Planning, 436 F.3d 102, 103 (2d Cir. 2006) (affirming district court's dismissal under Rule 12(b)(6) that the Coastal Zone Management Act does not provide a private

3

right of action). Here, the conclusion that § 255 provides no private right of action is categorically supported by the explicit text of § 255(f); but that does not compel a different result here. Cf. Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) ("A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 may be dismissed for want of subject-matter jurisdiction if it is not colorable . . . ."). Since plaintiff has asserted a cause of action under § 255, which § 255 provides no private right of action, her § 255 claims must be dismissed for failure to state a claim.

Accordingly, rather than vacate and remand the case to the district court, we affirm the dismissal under Rule 12(b)(1) for lack of diversity, and we affirm the dismissal of the Telecommunications Act claims, albeit on different grounds, under Rule 12(b)(6) for failure to state a claim. See Norex Petroleum Ltd. v. Access Indus., Inc., 631 F.3d 29, 32 (2d Cir. 2010) (affirming under 12(b)(6) without remand a district court's 12(b)(1) dismissal for lack of federal question subject matter jurisdiction in a case concerning the extraterritorial application of civil RICO).

We have considered all of Fair's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk