14-4611-cv
Garcia v. Hebert

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand and fifteen.

Present:
> PIERRE N. LEVAL,
> PETER W. HALL,
> GERARD E. LYNCH,
>
> *Circuit Judges.*

---

FORTUNATO GARCIA,[1]

> *Plaintiff–Appellant*,

v.                                                                      No. 14-4611-cv

ROBERT HEBERT, I/O, LISA KILLIANY, I/O, MAGDALENA CAMPOS, I/O, ANDREW WITTSTEIN, I/O, JANE SERAFINI, in her individual and official capacity, and JOHN GUERRERA, in his individual and official capacity,

> *Defendants–Appellees*.

---

For Appellant:                    GABRIEL NORTH SEYMOUR, Gabriel North Seymour P.C., Falls Village, Connecticut; and Whitney North Seymour, Jr. (*on the brief*), Law Office of Whitney North Seymour, Jr., New York, NY.

---

[1]    The Clerk of Court is respectfully requested to amend the official caption as set forth above.

For Appellee Killiany
(in her individual capacity):  EDWARD R. GIACCI, Edward R. Giacci, P.C., Shelton, CT.

For Appellees Campos,
Killiany (in her official
capacity), Serafini, and
Wittstein:  THOMAS J. DAVIS, JR., Assistant Attorney General, Hartford, Connecticut, *for* George Jepsen, Attorney General of the State of Connecticut.

For Appellees Hebert
and Guerrera:  NICOLE D. DORMAN, Law Office of Nicole D. Dorman, LLC, Glastonbury, Connecticut.

---

Appeal from a judgment of the United States District Court for the District of Connecticut (Martinez, *Mag. J.*).[2]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

This case comes before us following the magistrate judge's denial of Plaintiff-Appellant Fortunato Garcia's motion for attorney's fees pursuant to 42 U.S.C. § 1988. We assume the parties' familiarity with the underlying facts and the procedural history of the case. On appeal, Garcia argues that he is entitled to attorney's fees as the "prevailing party" because, although he received no judicially sanctioned relief, his 42 U.S.C. § 1983 action resulted in "important statewide civil rights reform" in Connecticut.

We review the denial of section 1988 fee awards for abuse of discretion. *Raishevich v. Foster*, 247 F.3d 337, 343 (2d Cir. 2001). "Where, as here, an appellant contends that the district court committed an error of law in ruling on an award of attorney's fees, we review that ruling de

---

[2]     The parties in this case consented to the authority of United States Magistrate Judge Donna F. Martinez for much of the proceedings below, including the section 1988 ruling, pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure.

2

novo." *Roberson v. Giuliani*, 346 F.3d 75, 78 (2d Cir. 2003) (citing *Baker v. Health Mgmt. Sys., Inc.*, 264 F.3d 144, 149 (2d Cir. 2001)).

A "prevailing party" in a section 1983 action may receive "reasonable attorney's fees." 42 U.S.C. § 1988(b). A "prevailing party" is "one who has favorably effected a 'material alteration of the legal relationship of the parties' by court order." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)); *see also Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) ("[R]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail."); *Hewitt v. Helms*, 482 U.S. 755, 760 (1987) (holding that where a plaintiff received no damages award, injunction or declaratory judgment, or formal judgment in plaintiff's favor, but the defendant unilaterally altered the policies of which he complained, the plaintiff could not be said to be a prevailing party).

Garcia's first amended complaint alleged, *inter alia*, that: he was not arraigned at the Connecticut Superior Court in Bantam, CT; a not guilty plea was entered on his behalf without his presence or the presence of counsel; and court records falsely indicated that he had personally appeared, had entered a guilty plea, and was instructed to appear at a subsequent hearing. A prior panel of this Court affirmed the magistrate judge's dismissal of Garcia's first amended complaint on prosecutorial immunity grounds. *Garcia v. Hebert*, 352 F.App'x 602, 603 (2d Cir. 2009). The Court's summary order, however, noted that Garcia's allegations of prosecutorial misconduct were "disturb[ing]" and "order[ed] the Attorney General of the State of Connecticut . . . to provide this Court with a detailed report discussing what steps have been taken to address the practice of the State's Attorney at the Connecticut Superior Court in Bantam, CT, and what

steps are being taken to ensure that they will not continue in the future." The Connecticut Attorney General's Office responded "that the previous practice in Bantam of entering not guilty pleas in some instances without the presence of the defendant ceased at least eighteen months ago, and that the cessation of the practice was not related to this or any other litigation."

Garcia's argument that he is a prevailing party because his lawsuit caused the Connecticut Superior Court in Bantam to cease its practice of entering guilty pleas without the presence of the defendant essentially asks us to adopt the "catalyst theory" whereby a party "prevails" if its intended result is achieved. *See Hewitt*, 482 U.S. at 763. We need not resolve the potential factual discrepancies between the timing of Garcia's case in the district court and the discontinuance of the offending practice in the Bantam Court because the Supreme Court has expressly rejected the notion embodied in the catalyst theory. *See Buckhannon*, 532 U.S. at 605 (rejecting "the 'catalyst theory'" because it "allows an award where there is no judicially sanctioned change in the relationship of the parties [and] . . . [t]his is not the type of legal merit that our prior decisions, based upon plain language and congressional intent, have found necessary"); *accord Roberson*, 346 F.3d at 79 (noting that "after *Buckhannon*, a plaintiff must not only achieve some 'material alteration of the legal relationship of the parties,' but that change must also be judicially sanctioned"). For this reason, Garcia is not entitled to a section 1988 fee award.

We have considered all of Garcia's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4