Warren v. Fischl

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand seventeen.

PRESENT: RALPH K. WINTER,
         DENNIS JACOBS,
         ROSEMARY S. POOLER,
              *Circuit Judges.*

_____

GREGORY WARREN,

     *Plaintiff-Appellant,*

    v.                          15-3919

A.D.A. ROBERT FISCHL, et al.,

     *Defendants-Appellees,*

MATTHEW MURASKIN, et al.,

*Defendants.**

_____

**FOR PLAINTIFF-APPELLANT:**        Gregory Warren, pro se,
                                    Bronx, NY.

**FOR DEFENDANTS-APPELLEES:**       Carnell T. Foskey, Nassau County
                                    Attorney; Robert F. Van der Waag,
                                    Deputy County Attorney, Mineola,
                                    NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Gregory Warren, pro se, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint, which asserted claims against Nassau County, the Nassau County District Attorney's Office, individual assistant district attorneys ("ADAs"), the Nassau County Court, the Nassau County Police Department, and individual police officers. This Court previously dismissed as frivolous that portion of Appellant's appeal that challenged the dismissal of his claims against the Nassau County Legal Aid Society, attorneys of that office, and several county court judges, as well as all of Appellant's claims asserted under the Racketeer Influenced and Corrupt Organizations statute. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

Appellant's complaint asserted that that his arrest, indictment, and conviction had been obtained as a result of the violation of his constitutional rights to be free from unreasonable searches and seizures and to a fair trial. He alleged that Nassau County police officers and ADAs had

_____

\*  We respectfully direct the Clerk of Court to amend the caption as noted.

2

manufactured evidence and presented perjured testimony against him at both his grand jury proceedings and at trial, and that, after his conviction on some counts was reversed and remanded for a new trial, the prosecution agreed to dismiss the remanded charges to prevent him from presenting his proof of fabricated evidence at a new trial.

The district court sua sponte dismissed the complaint under 28 U.S.C. § 1915(e), ruling that Appellant's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on those claims "would necessarily invalidate" his conviction on the counts that had not been reversed or vacated. App'x at 18. This appeal followed.

We review de novo a district court's sua sponte dismissal of a complaint. *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). To recover damages under § 1983 for an unconstitutional conviction or imprisonment, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by . . . the issuance of a [federal] writ of habeas corpus." *Heck*, 512 U.S. at 486-87. In *Peay v. Ajello*, 470 F.3d 65, 67 (2d Cir. 2006), a § 1983 plaintiff alleged, as relevant here, that an assistant prosecutor and an assistant public defender had conspired to deprive him of his constitutional rights by fabricating evidence used at trial and suborning perjury. The district court dismissed the claims against the prosecutor based on immunity and the claims against the public defender based on the *Heck* bar. *Id.* In affirming, this Court held that, even though the plaintiff had not "in so many words challenge[d] the lawfulness of his conviction," the Court did not doubt that his allegations of "extensive conspiratorial misconduct between defense counsel and the prosecution would render the conviction invalid if they were proved." *Id.* at 68 (citation omitted).

So too here. The very premise of Appellant's claims is that the defendants conspired to fabricate evidence and testimony against him and introduced such fabricated evidence and perjury at trial. Such claims, if proved, would demonstrate the invalidity of his conviction. Appellant's

3

unlawful search and seizure claims were also based on the alleged conspiracy between the prosecutors and police officers and their intentional manufacturing of false evidence against him, so that success on those claims would also necessarily imply that his conviction was unlawful.  Appellant's claims are therefore barred by *Heck*.

We have considered all of Appellant's arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4